IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DERRICK HUMPHREY,

    Plaintiff,

v.                                                    No. 1:23-cv-0369 KWR-DLM

DEPARTMENT OF CORRECTIONS,
SECRETARY OF CORRECTIONS,
ROBERT WILIUS,

    Defendants.

## ORDER TO PROVIDE A SIX-MONTH ACCOUNT STATEMENT AND DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff Derrick Humphrey's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 1) (the "IFP Motion"), his Motion to Appoint Counsel (Doc. 3), and his Motion for Jury Demand (Doc. 4).

**I.    The IFP Motion cannot be resolved without a six-month account statement.**

The IFP Motion does not include a six-month inmate account statement, as required by 28 U.S.C. § 1915(a)(2). Plaintiff must cure this deficiency within 30 days of entry of this Order. The failure to timely comply will result in dismissal without further notice.

**II.    The Motion to appoint counsel will be denied.**

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820, F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year, and only a small number of attorneys available to accept these request, *see id.* at 397, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness . . . ." *Toevs v. Reid*, 685 F.3d 903,

916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis. Plaintiff's Amended Complaint (Doc. 3), which is pending review pursuant to 28 U.S.C. § 1915A, does not appear particularly complex, and Plaintiff has not demonstrated an inability to prosecute the action. The Court will therefore deny the Motion to Appoint Counsel.

### III.  The Motion for jury demand will be denied.

In the Motion for Jury Demand, Plaintiff requests that the Court set this matter for trial in July 2023. Prisoner cases are exempt from ordinary pretrial case management procedures, including the entry of a scheduling order. *See* D.N.M. LR-Civ. 16.3. The motion shall be denied accordingly. If the complaint survives screening under 28 U.S.C. § 1915A, the Court will enter orders as necessary to proceed to an adjudication on the merits.

**IT IS ORDERED** that:

(1) Within 30 days of entry of this Order, Plaintiff must file an inmate account statement reflecting transactions between October 28, 2022, and April 28, 2023.

(2) The Motion to Appoint Counsel **(Doc. 3)** is **DENIED**.

(3) The Motion for Jury Demand **(Doc. 4)** is **DENIED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE